[No. 8338.]

THE PEOPLE V. BROWN.

PUBLIC OFFICER—*Town Trustee Unlawfully Participating in Contract With Town.* A town trustee does not incur the penalty prescribed in secs. 4994, 4995 of the Revised Statutes, by merely voting in the board meeting to pay a bill for supplies purchased by the town from a corporation in which he is a stockholder and director. Construing the statute with reference to the title, it manifestly applies to formal and express contracts in terms agreed upon, and awarded upon bids. (280.)

Construed to include implied and informal contracts, such as that in question, the statute would be unconstitutional, because not included within the title. (281.)

*Error to Chaffee District Court.* Hon. CHARLES A. WILKIN, Judge.

*En Banc.*

Mr. GILBERT A. WALKER, District Attorney, for The People.

Mr. G. K. HARTENSTEIN, for defendant in error.

Opinion by TELLER, J.

This cause is brought here by the District Attorney to have reviewed a judgment of the District Court quashing an information against the defendant in error.

The information charges that Brown, defendant in error, was a member of the Board of Trustees of the town of Buena Vista; and,

"That as such Trustee, and as such member of the Board of Trustees of said town of Buena Vista, the said M. V. Brown was by law charged with the duty of appropriating the moneys of the said town for its corporate purposes, and to provide for the payment of debts and expenses of said town, and had at all times herein mentioned a voice and a vote in the awarding and making of contracts for supplies to be furnished for and on behalf of the said town of Buena Vista.

That at divers times during the month of April, A. D. 1913, The Dean & Brown Mercantile Company, a corporation organized and existing under the laws of the state of Colorado, and doing business in the said town of Buena Vista, sold and furnished divers and sundry supplies, goods and merchandise to, for and on behalf of the said town of Buena Vista; and thereafter, and on the 3rd day of May, A. D. 1913, the said The Dean & Brown Mercantile Company presented and caused to be presented to the Board of Trustees of said town, at its regular meeting held on said date, a bill or statement in the sum of four dollars and eighty cents, for the supplies, goods and merchandise so sold and furnished by it, as aforesaid, during the said month of April, 1913; and thereupon the said Board of Trustees in said meeting caused the said bill to be read and upon roll call voted and ordered that the said bill be paid; that upon the said roll call the said M. V. Brown had a voice and a vote upon the matter of

ordering said bill paid, and did then and there vote in favor of the payment of the said bill.

That the said bill was thereafter paid by a warrant drawn in favor of the said The Dean & Brown Mercantile Company.

That the said M. V. Brown was at all the times herein mentioned a director and a stockholder of and in the said The Dean & Brown Mercantile Company; that he had a knowledge of its affairs and an active part in the control of the same, and was interested in said contract of sale of the supplies, goods and merchandise to, for, and on behalf of the said town of Buena Vista, included in and covered by the said bill presented to the Board of Trustees of the said town as hereinbefore mentioned.

Whereby and by reason of the facts hereinbefore set forth, the said M. V. Brown, on the said 3rd day of May, A. D. 1913, at and within said Chaffee County, Colorado, unlawfully, knowingly and wilfully was interested in a contract made for and on behalf of the said town of Buena Vista, in the making which said contract he had a voice and a vote; and the said M. V. Brown did then and there unlawfully, knowingly and wilfully have an interest in, and profit by, and receive a part of the money paid by the said town of Buena Vista for supplies obtained by it as aforesaid; and the said interest, profit, and money was not had and obtained by him, the said M. V. Brown, in his official representative capacity.  Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same People of the State of Colorado.

A motion to quash was sustained.  The information was filed under sections 4994 and 4995, R. S. 1908, which are as follows:

(4994)  "Whenever any officer of this state or of any county, city, town or school district therein, shall be charged with the duty of making any contract for, or on behalf of this state, or of any county, city, town or school district

therein, whereby this state, or any county, city, town or school district therein, shall be obliged to pay any sum of money to any person whomsoever, and whenever any such officer, as a member of any board of auditors, commissioners, or directors, or otherwise, shall have any vote or voice in awarding any such contract, it shall not be lawful for any such officer to become in any manner bound for the fulfillment of such contract, or to take or receive any part or portion of the money specified in such contract, or be in any way, manner, or degree, interested in such contract, excepting in his official representative capacity."

(4995) "Whosoever shall offend against the provisions of this act shall be imprisoned not exceeding six months, and fined not exceeding two thousand dollars, and shall be removed from office."

Counsel for plaintiff in error cites several authorities to show that the trial court, in construing this statute to apply to express contracts only, was wrong; and points out that public policy demands that a public officer should be prohibited from being interested in any contract with the making of which he is officially connected; hence, he urges that the law in question must be construed to include all contracts.

There can be no question of the propriety of such a rule, and it is everywhere accepted as wise and salutary. Here, however, we are not concerned with what the statute ought to or might properly include, but rather with what it does in fact cover.

An analysis of the statute discloses that it applies, (1) when officers of the class designated "shall be charged with the duty of making any contract for, or on behalf of the state," or any of the municipalities named, whereby money is required to be paid to anyone; and (2) whenever any such officer, as a member of a board, etc., or otherwise, "shall have a vote or voice in awarding any such contract;' in either of which cases,

"It shall not be lawful for any such officer to become in any manner bound for the fulfillment of such contract, or to take or receive any part or portion of the money specified in such contract, or be in any way, manner or degree, interested in such contract, excepting in his official representative capacity."

The information alleges not that Brown was charged with the duty of making the contract which was made with the corporation of which he was a stockholder, or that he had a vote or voice in awarding that contract to the Mercantile Company; but that he was charged with the duty of appropriating the moneys of the town for its corporate purposes, and that he had a voice and a vote in the awarding and making of contracts for supplies to be furnished to the town.

However desirable it may be that public officials be prohibited from having any interest, directly or indirectly, in contracts with the public bodies which they represent, this court can not extend the statute beyond its manifest purpose and extent.

Here the language of the enactment is specific, and it agrees with the purpose of the act as expressed in the title, to which resort may be had to aid in determining the legislative intent. The title is "An act to prevent fraud in the letting of contracts." The act has to do with such contracts as the officer is charged with the duty of making, and with those in the awarding of which he has a voice or vote.

It clearly means formal, express contracts, which are in terms agreed upon, or awarded on bids.

The contract, by the terms of the act, is one by which money is required to be paid, and in which the amount to be paid is specified, not merely to be paid as an obligation implied in law. It is the "money specified in such contract" in which the officer is to have no interest; and that provision, further indicates that the law makers had in mind express contracts only.

Any other construction would render the statute obnoxious to the constitutional requirement that the subject of the act be clearly expressed in the title, since it can not be said that the title would disclose or even suggest that the act provided for the punishment of officials who were connected with corporations from which the state or municipality might make a casual purchase of supplies.

The cases cited to establish the contrary of this conclusion appear, by counsel's own quotations, in every case to construe statutes which by their terms prohibit interest in or benefits from contracts in general, and do not, as in this case, extend only to specified acts in the making or awarding of contracts.

The information charged no offense under the statute, and the motion to quash was rightly sustained. The judgment is affirmed.

HILL, J., dissents.